UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCAS W. F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:26-cv-05814-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously discounted his testimony; omitted his need for a cane in determining residual functional capacity (RFC) and relied upon erroneous job data in finding at step five that there are jobs Plaintiff can perform. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A. Plaintiff's Testimony

The ALJ found Plaintiff's severe medically determinable impairments could reasonably cause his alleged symptoms but discounted his testimony as not entirely consistent with the medical and other evidence. The ALJ did not find malingering and was thus required to provide

clear and convincing to discount Plaintiff's testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014). Additionally, the ALJ "must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation modified). "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient." *Id.* (citation modified).

The ALJ discounted Plaintiff's testimony he has significant physical limitations regarding walking, sitting, standing, reaching, sitting, completing tasks and that he avoided going out. The ALJ first found Plaintiff's testimony was inconsistent with his activities of daily living that included looking after his seven-year old son, driving, going out daily, doing laundry and some cleaning; shopping, managing his finances and attending church. Plaintiff argues the ALJ failed to explain which of his statements are inconsistent with these activities. But the ALJ noted Plaintiff's claim he could barely perform any physical activities and did not go out and specifically found these claims are inconsistent with how Plaintiff performed a wide range of physical activities and did go out daily. The Court cannot say the ALJ's finding is unreasonable or the ALJ failed to tie certain activities to certain statements Plaintiff made. The Court thus affirms the ALJ's determination.

Next, the ALJ found medications improved Plaintiff's depressive and anxiety symptoms; the use of an alpha stim machine improved his pain, and Plaintiff did not follow-up on referrals for trigger point injections and acupuncture. Both improvement while medicated and failure to seek treatment can be grounds to discount a claimant's testimony, *see e.g. Warre v. Comm'r,* 439

F.3d 1001, 1006 (9th Cir. 2006) and *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Here, Plaintiff does not challenge the ALJ's findings and has waived the challenge.

As the Court finds the ALJ gave at least one valid reason supported by substantial evidence to discount Plaintiff's testimony, the Court declines to disturb the ALJ's findings and need not address whether the ALJ also found the medical evidence does not support Plaintiff's testimony. Even assuming the ALJ erred in finding so, the error is harmless given the ALJ's other reasons which are valid and supported by substantial evidence.

**B. Need for a Cane and RFC**

Plaintiff contends the ALJ erred in including the need for a cane in determining RFC. The ALJ noted Plaintiff used a cane although there was no medical recommendation he do so and "instead providers recommended the claimant use shoes or orthotics for more comfortable ambulation and that he complete stretching and core strengthening exercises." Tr. 24. A claimant's non-prescribed use of a medical device can at times be a factor in assessing the claim such a device is needed. *See Sueann, N. v. Saul*, 2020 WL 4730965 at * 9 (E.D. Washington, June 25, 2020). But rejecting the need for a non-prescribed device normally should be supported by other evidence. *See Quesada v. Colvin,* 525 F. App'x 627, 629 (9th Cir. 2013) (affirming ALJ's finding a claimant's use of an unprescribed cane and walker, coupled with evidence claimant had a normal gait, good mobility, lack of neurological defects, and normal muscle strength, undermined claimant's symptom testimony). Here in contrast, there is no dispute Plaintiff has significant standing and ambulation limitations and the ALJ thus erred in simply factoring out Plaintiff's claimed need for a cane in determining RFC.

**C. Step-Five Findings**

Because the ALJ erred in including the need for a cane in determining RFC, the ALJ must necessarily readdress whether new step five findings must be made on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). While Plaintiff contends benefits should be awarded, the record is not complete and further proceedings are thus appropriate and necessary. On remand, the ALJ shall reassess Plaintiff's need for a cane in determining RFC and expand the record and proceed to the remaining steps of the disability evaluation process as needed.

DATED this 18th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge